UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARY CAROL M. JENKINS and ANGEL KANE,<br><br>Plaintiffs,<br><br>v.<br><br>DEB HAALAND, Secretary of the U.S. Department of the Interior; UTAH ATTORNEY GENERAL SEAN D. REYES; and UTE TRIBAL COUNCIL MEMBERS,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO GRANT UTAH ATTORNEY GENERAL SEAN D. REYES' MOTION TO DISMISS (DOC. NO. 14)**<br><br>Case No. 2:21-cv-00385<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiffs Mary Carol M. Jenkins and Angel Kane brought this action against Deb Haaland, Utah Attorney General Sean D. Reyes, and Ute Tribal Council Members, asserting claims as members of a group called Uinta Band of Utah Indians for alleged violations of treaty rights. (Compl. 1, Doc. No. 1.) Attorney General Reyes moves to dismiss the claims against him for failure to state a claim under Rule 12(b)(6) of the Utah Rules of Civil Procedure. (Mot. to Dismiss, Doc. No. 14.) Upon review of the complaint and the briefing on the motion to dismiss, it is evident Plaintiffs fail to state any claim upon which relief can be granted against Attorney General Reyes. Accordingly, as explained below, the undersigned[1] recommends the district judge grant the motion to dismiss (Doc. No. 14) and dismiss Plaintiffs' claims against Attorney General Reyes.

---

[1] On September 24, 2021, District Judge Shelby referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 23.)

<u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In reviewing a motion to dismiss, the court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

Because Plaintiffs proceed pro se, their filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v.*

*Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

## DISCUSSION

Plaintiffs allege they are members of a group called Uinta Band of Utah Indians. (Compl. 1, Doc. No. 1.) Although their claims are difficult to discern, Plaintiffs appear to allege generally that Uinta Band of Utah Indians' rights under various treaties have been violated. For example, they assert Uinta Band of Utah Indians have property rights which "persist even after another Statutory regulated sovereign assumes authority over the land," and "School Zones and encroachments are [i]llegal taking of treaty lands that constitute Federal Trespass." (*Id.* at 3.) They also assert Defendants "have been [i]infringing upon both the Uinta Indian's and the United States jurisdiction over Uinta Indians in Indian Country" because they "recently charged, detained, [and] prosecuted [a] Uinta Indian for alleged rights crimes occurring in Utah, which is wholly located within the boundaries of the Uinta Valley Reserve." (*Id.* at 5.) They further allege "Defendants are acting to divert the waters away from the rightful owners without compensation and consent." (*Id.* at 8.) Plaintiffs claim Defendants' actions violate Uinta Band of Utah Indians' treaty rights and "inherent sovereign and Treaty-reserved criminal jurisdiction," and "must be declared unlawful and enjoined." (*Id.* at 9.)

Attorney General Reyes argues the complaint must be dismissed because (1) it does not contain particular allegations concerning Attorney General Reyes; (2) Congress and federal courts have definitively held the Uinta Band is not a federally recognized Indian Tribe and has no claim to treaty rights; and (3) Plaintiffs fail to meet the requirements for declaratory and

3

injunctive relief because the complaint does not allege any actual controversy, ongoing violation of rights, or affirmative acts by Attorney General Reyes that would warrant the relief requested. (Mot. to Dismiss 1–2, Doc. No. 14.)

Plaintiffs' complaint fails to state a plausible claim for relief against Attorney General Reyes. The complaint contains no allegations of particular acts or omissions by Attorney General Reyes which have harmed Plaintiffs. The complaint does not even mention Attorney General Reyes apart from listing him as a defendant in the caption. Further, the allegations that "Defendants" collectively violated treaty rights by encroaching on Uinta Band of Utah Indian land, prosecuting a Uinta Band of Utah Indian member, and diverting water are too general to state a plausible claim for relief against Attorney General Reyes. These conclusory allegations are unsupported by any factual development identifying specific actions by particular defendants which have harmed Plaintiffs.

Plaintiffs filed an opposition to Attorney General Reyes' motion to dismiss, arguing the court has jurisdiction over their claims and asserting "Defendant State of Utah" has breached fiduciary duties allegedly owed to Plaintiffs and/or the Uinta Band of Utah Indians, based largely on new allegations not found in the complaint.[2] (Pl.'s Resp. in Opp'n to Def. Utah Attorney General Mot. to Dismiss, Doc. No. 17.) However, Plaintiffs have not named the State of Utah as

---

[2] After briefing on the motion to dismiss was complete, Plaintiffs filed a "Reply Memorandum in Opposition, and Motion for Summary Judgment, and Reply to Memorandum in Support of Attorney General Sean Reyes Motion to Dismiss." (Doc. No. 29.) The District of Utah's Local Civil Rules do not contemplate briefing beyond a response and a reply, *see* DUCivR 7-1, and Plaintiffs did not seek leave to file a surreply. Additionally, the Local Civil Rules prohibit including a new motion in a response or reply memorandum. DUCivR 7-1(b)(1)(A). For these reasons, the court does not consider Plaintiffs' unauthorized surreply or the motion for summary judgment improperly included in it.

4

a defendant in this action, and the opposition brief does not address the deficiencies in the complaint set forth above.

For these reasons, Plaintiffs' complaint fails to state a plausible claim for relief under Rule 12(b)(6) against Attorney General Reyes. It also fails to comport with Rule 8 because it does not provide fair notice to Attorney General Reyes of the grounds for the claims against him. Because Plaintiffs' claims are subject to dismissal on these grounds, the court need not address Attorney General Reyes' argument that Uinta Band of Utah Indian members cannot claim treaty rights.

## RECOMMENDATION

The undersigned RECOMMENDS the district judge GRANT the motion to dismiss (Doc. No. 14) and DISMISS Plaintiffs' claims against Attorney General Reyes.

The court will send copies of this Report and Recommendation to all parties, who are notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 25th day of October, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge