UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENKINS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HAALAND, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Case No. 2:21-cv-00385-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br>Magistrate Judge Daphne A. Oberg |

Now before the court is Plaintiffs' "Motion for Reconsideration, and to Stay Issuance on Order Denying Plaintiff's Motion for Temporary Restraining Order."[1] For the reasons explained below, the Motion is DENIED.

**BACKGROUND**

On June 22, 2021, pro se Plaintiffs Mary Carol M. Jenkins and Angel Kane filed a Complaint against United States Secretary of the Interior Deb Haaland, Utah Attorney General Sean D. Reyes, and the Ute Tribal Council.[2] In their Complaint, Plaintiffs assert one claim for relief against all Defendants under the "Treaty with the Uinta Band of Utah Indians of 1861–64, and 1848."[3]

On September 14, 2021, Plaintiffs filed "Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction."[4] On September 16, 2021, Plaintiffs filed a largely identical "Ex Parte Motion for Temporary Restraining Order and Preliminary

---

[1] Dkt. 25.

[2] Dkt. 1.

[3] *Id.* ¶¶ 12–13.

[4] Dkt. 15.

1

Injunction."[5]  The first Motion asked the court to "enjoin[] Defendants, and all persons acting on Defendants behalf, from exercising jurisdiction over the Plaintiff Uinta Band of Indians in Indian Country."[6]  The second Motion similarly requested that the court "enjoin[] Defendants Ute Tribal Council Members."[7]  Both Motions asked the court to grant this relief "without written or oral notice to the adverse party."[8]

On September 23, 2021, the court denied Plaintiffs' two Motions.[9]  The court explained that under Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, it could only issue a temporary restraining order without notice to the adverse parties or their attorneys if: "[the movant] certifies in writing any efforts made to give notice and the reasons why it should not be required."[10]  The court determined neither of the Motions for Temporary Restraining Order adequately certified efforts to give notice or explained why notice should not be required.[11]  Accordingly, the Motions were both denied.

On October 1, 2021, Plaintiffs filed a "Motion for Reconsideration, and to Stay Issuance on Order Denying Plaintiff's Motion for Temporary Restraining Order."[12]  The Motion also appears to contain a request for reassignment to a different judge.[13]  The court now turns to Plaintiffs' Motion.

---

[5] Dkt. 20.

[6] Dkt. 15 at 2.

[7] Dkt. 20 at 2.

[8] Dkt. 15 at 3–4; Dkt. 20 at 4.

[9] Dkt. 22.

[10] *Id.* at 2 (citing Fed. R. Civ. P. 65(b)(1)(B)).

[11] *Id.* at 2–3.

[12] Dkt. 25.

[13] *Id.* at 5.

## LEGAL STANDARDS

Plaintiffs are proceeding pro se. While the court "liberally construe[s] pro se pleadings, [Plaintiffs'] pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[14]

Although not formally recognized by the Federal Rules of Civil Procedure, motions for reconsideration are generally construed under Rule 54(b), Rule 59(e), or Rule 60(b), depending on when the motion is filed.[15] Rule 59(e) motions "must be filed no later than 28 days after the entry of judgment,"[16] and Rule 60(b) motions only provide relief "from a *final* judgment, order, or proceeding."[17] Motions for reconsideration filed before entry of final judgment are construed under Rule 54(b).[18] Rule 54(b) provides: "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[19]

Plaintiffs bring their Motion under "either" Rule 59(e) or 60(b).[20] Because an order denying a motion for temporary restraining order or preliminary injunction is non-final, neither

---

[14] *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[15] *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing Fed. R. Civ. P. 59(e), 60(b), and 54(b)).

[16] Fed. R. Civ. P. 59(e).

[17] *Id.* 60(b) (emphasis added).

[18] *See Price v. Philpot*, 420 F.3d at 1167 n.9 ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) and citing Fed. R. Civ. P. 54(b)).

[19] Fed. R. Civ. P. 54(b); *see also, e.g.*, *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment.").

[20] Dkt. 25 at 2–3.

Rule 59(e) nor Rule 60(b) applies and the Motion for Reconsideration is properly construed under Rule 54(b).[21]

While a district court has "plenary power to revisit and amend interlocutory orders as justice requires" under Rule 54(b), the "basic assessment" of a motion for reconsideration under Rule 54(b) is the same as under Rules 59(e) and 60(b).[22] Motions for reconsideration may only be granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice.[23] A motion for reconsideration therefore may be granted only where "the court has misapprehended the facts, a party's position, or the controlling law"[24]—in other words, only in "extraordinary circumstances."[25] The Tenth Circuit has additionally cautioned:

> [A] motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[26]

---

[21] *See, e.g.*, *Druley v. Patton*, 601 F. App'x 632, 634 (10th Cir. 2015) ("the district court's denial of the TRO is not a final appealable order") (citing *United States v. Colorado*, 936 F.2d 505, 507–08 (10th Cir. 1991)).

[22] *Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC*, 887 F.3d 1003, 1025 (10th Cir. 2018) (internal quotations and citations omitted).

[23] *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995); *see also Pia v. Supernova Media, Inc.*, No. 2:09-cv-840-DN-EJF, 2014 WL 7261014, at *2 (D. Utah Dec. 18, 2014) ("There are three scenarios in which a litigant may successfully argue for reconsideration: when (1) substantially different, new evidence has been introduced; (2) subsequent, contradictory controlling authority exists; or (3) the original order is clearly erroneous.") (internal quotation and citations omitted).

[24] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining nearly identical Rule 59(e) motion for reconsideration standard).

[25] *Van Skiver v. United States*, 952 F.2d 1241, 1244–45 (10th Cir. 1991).

[26] *Servants of Paraclete*, 204 F.3d at 1012; *see also Albright v. Attorney's Title Ins. Fund*, No. 2:03-cv-00517, 2008 WL 376247, at *2 (D. Utah Feb. 11, 2008) (denying motion for reconsideration where Plaintiffs "merely disagree with the order, restate their previous arguments and assert new arguments that were available to them at the time of the original briefing"); *The SCO Group, Inc. v. Novell, Inc.*, No. 2:04-cv-00139, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.").

Thus, motions for reconsideration should be denied when movants use them as vehicles to advanced arguments made earlier in the litigation.[27]

## ANALYSIS

The court first evaluates Plaintiffs' Motion for Reconsideration under Rule 54(b). Next, the court addresses Plaintiff's request for reassignment to a different judge. Finally, in light of recent filings, the court reminds Plaintiffs of the local rules concerning page length.

### I. The Motion for Reconsideration is Denied

Plaintiffs ask the court to reconsider its Order denying their Motions for Temporary Restraining Order. Under Federal Rule of Civil Procedure Rule 65(b), a court may issue a temporary restraining order (TRO) without notice to the adverse party only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[28] Moreover, this court may only issue a TRO when the movant establishes the following four elements: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the [TRO] is issued; (3) that the threatened injury outweighs the harm that the [TRO] may cause the opposing party; and (4) that the [TRO], if issued, will not

---

[27] *See, e.g., Servants of Paraclete*, 204 F.3d at 1012; *United States v. Koerber*, 966 F. Supp. 2d 1207, 1211–13 (D. Utah 2013) (denying motion for reconsideration when the legal arguments and facts in the motion were available at the time of the original motion).

[28] Fed. R. Civ. P. 65(b).

adversely affect the public interest."[29] A TRO is an extraordinary remedy that may be awarded only if the right to relief is "clear and unequivocal."[30]

As an initial matter, Plaintiffs do not offer any new evidence, change in the controlling law, or need to correct a manifest injustice to support their Motion for Reconsideration. First, Plaintiffs rely on the same historical and factual background as stated in the original Motions for Temporary Restraining Order,[31] meaning Plaintiffs do not identify or rely on any newly available evidence.[32] Second, Plaintiffs retrace their arguments as to why irreparable harm will occur, saying Defendants have "ignored" requests to "stop taking . . . [their] sovereign lands" and Plaintiffs have "proven" their claimed treaty rights.[33] As such, Plaintiffs have not identified a change in controlling law since the court's Order denying the Motions for Temporary Restraining Order. Finally, Plaintiffs do not argue a manifest injustice would occur should the Motions not be granted. Plaintiffs state there are "imminent but certain threats" to their "right to occupy" the land in question, but aside from that conclusory statement, do not offer facts or argument demonstrating a manifest injustice will occur absent the court's reconsideration of its denial of the Motions for Temporary Restraining Order.[34]

Plaintiffs offer two additional arguments as to why the Motions for Temporary Restraining Order should be granted, but neither is availing. First, Plaintiffs write that the court's Order denying the Motions was "a bit premature for fact that two Defendants are in

---

[29] *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (internal citation and quotation omitted).

[30] *Id.*

[31] *Compare* Dkt. 15 at 4–7 *with* Dkt. 25-1 at 1–6.

[32] *See Brumark*, 57 F.3d at 948.

[33] Dkt. 25 at 5; *see also* Dkt. 15 at 7–8 (presenting identical argument).

[34] Dkt. 25 at 6.

6

default and Plaintiff submits documents that Plaintiff served all Defendants."[35] Plaintiffs again state that Defendants have been notified of the Motions for Temporary Restraining Order.[36] As discussed *supra*, without the movant properly certifying efforts to notify the opposing party or providing the reasons notice should not be required, a court may not grant the "extraordinary" relief of an ex parte TRO. Moreover, as Judge Oberg has noted in her Orders denying Plaintiffs' Motions for Default, service has not been properly made on all Defendants.[37] Accordingly, the court cannot grant the "extraordinary" relief of an ex parte TRO without notice to the Defendants.

Additionally, in their "Memorandum in Support of Motion for Reconsideration," Plaintiffs raise an entirely new argument as to why the Motions for Temporary Restraining Order should be granted: namely, that the Deputy Secretary of the Interior's 2018 Memorandum Opinion M-37051 (the Opinion) denying the restoration requests of the tribe was arbitrary, capricious, and contrary to law under the Administrative Procedure Act (APA).[38] However, Plaintiffs make no attempt to explain how this argument—which is based on the 2018 Opinion previously cited in Plaintiffs' filings[39]—was not "available at the time of the original [Motion for Temporary Restraining Order]."[40] Again, motions for reconsideration that "merely advance[] new arguments . . . available at the time of the original motion" cannot be granted.[41] Without any explanation to the contrary from Plaintiffs, the court concludes this argument was available

---

[35] Dkt. 25 at 5.

[36] *Id.* at 6.

[37] *See* Dkt. 32 (Order) at 4 ("Plaintiffs have not shown the Ute Tribal Council was properly served with process"); Dkt. 34 (Order) at 3 ("Plaintiffs have not shown Secretary Haaland has been properly served with process").

[38] *See* Dkt. 25-1 at 7–10.

[39] *See* Dkt. 1-1 at 103–120.

[40] *Servants of Paraclete*, 204 F.3d at 1012.

[41] *Id.*

to plaintiffs at the time of the original Motions and thus cannot properly be considered on a motion for reconsideration.

Moreover, even if Plaintiffs' APA argument were properly before the court, it would not support granting a TRO. Plaintiffs argue the Deputy Secretary of Indian Affairs "claim[ed] authority to acquire land in trust" within the Opinion, and the decision rested on an unprecedented and legally unsupportable rationale because the 1861-64 treaties are "law of the land."[42] As an initial matter, the Opinion does not claim authority to acquire the land in trust, undermining the premise of Plaintiffs' entire argument. Rather, the Opinion explains the history of the disputed land and ultimately concludes the land cannot be "restored" to the tribe.[43] In short, the Opinion simply describes the status quo, and reaches the same result the Tenth Circuit recently endorsed.[44]

In any event, the fact that Plaintiffs' 2018 request for an opinion from the Secretary of the Interior resulted in an Opinion finding the lands could not be restored to them does nothing to demonstrate a TRO should be granted in 2021. First, Plaintiffs have not demonstrated a substantial likelihood of prevailing on the merits of their APA argument. Second, Plaintiffs do not demonstrate irreparable harm will occur unless the requested TRO is issued. While they argue "[i]f title is transferred to the [U]nited [S]tates in trust for Ute Tribe Corporation" they will suffer "irreparable harm," aside from this bare allegation they do not show any specific facts

---

[42] Dkt. 25-1 at 7–8.

[43] *The Authority of the Secretary to Transfer Areas Within the Uncompahgre Reservation*, Opinion of the Solicitor M-37051, Dep't of the Interior (Feb. 21, 2018).

[44] *See United States v. Uintah Valley Shoshone Tribe*, 946 F.3d 1216, 1220–22 (10th Cir. 2020) (holding the Uinta Band of Indians, under different name, were terminated from membership in the Ute Tribe by the Termination Act of 1954 and therefore the Uinta Band of Indians had no remaining treaty rights to the land aside from individual hunting and fishing rights).

demonstrating immediate, irreparable harm will result.[45] Plaintiffs also argue no harm will result to Defendants because "[t]he status que [sic] is the last uncontested status between the parties which preceded the controversy until the outcome of the final hearing."[46] But given the status quo—Plaintiffs do not have title to the lands in question—it is likely that granting a TRO upending that status quo would result in harm to Defendants, especially the Ute Tribe. Finally, Plaintiffs assert "the public interest is served when administrative agencies comply with their own obligations under APA,"[47] but because there does not appear to be any APA violation here, granting the TRO would not serve the public interest.

Because motions for reconsideration are inappropriate vehicles to advance new arguments, and because Plaintiffs do not identify any newly available evidence, change in the controlling law, or manifest injustice that will occur without granting the Motion, the Motion for Reconsideration must be DENIED.

## II. The Motion for Reassignment is Denied

The court notes Plaintiffs' Motion also seems to contain a request that this case be reassigned to a different judge. After noting that the undersigned denied Plaintiffs' Motions for Temporary Restraining Order, Plaintiffs write, "[s]eeing that the court has acted in a bias manner, Plaintiff request the new appointed judge to recuse himself from the case."[48]

Litigants seeking a judge's disqualification due to alleged bias often cite one or both of two statutes. First, under 28 U.S.C. § 144, a litigant claiming a district court judge harbors personal bias or prejudice against them or in favor of another party may file an affidavit stating

---

[45] Dkt. 25-1 at 10–11.

[46] *Id.* at 13.

[47] *Id.*

[48] Dkt. 25 at 5.

9

the facts and reasons supporting a conclusion that bias and prejudice exists.[49] Second, under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States" must disqualify themselves if certain circumstances exist, most notably "in any proceeding in which his impartiality might reasonably be questioned."[50]

Plaintiffs do not expressly cite either statute in arguing the undersigned has failed to act impartially. And where Plaintiffs have not provided an affidavit to support their motion, the court concludes they are unable to proceed under § 144. Liberally construing the substance of this pro se filing, the court will evaluate the request under § 455.

Section 455 is meant "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."[51] It sets forth an objective standard under which disqualification is appropriate where "the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality."[52] A judge has a "continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."[53] However, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[54] Indeed, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion and similar non-factual matters" are "not ordinarily sufficient to require § 455(a) recusal."[55]

---

[49] 28 U.S.C. § 144.

[50] 28 U.S.C. § 455(a).

[51] *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (citations omitted).

[52] *Id.*

[53] *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (citations omitted).

[54] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

[55] *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citations omitted).

Plaintiffs' request is based on the argument that the undersigned's denial of the Motions for Temporary Restraining Order reveals bias. But as the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[56] Further, "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge."[57] Plaintiffs' remedy for incorrect rulings may be found on appeal. Plaintiffs' one-sentence request for reassignment does not sufficiently identify impermissible bias in the court's rulings.

### III. Adherence to Local Rules

Finally, the court reminds Plaintiffs of Local Rule of Practice 7-1, which states that any motions not filed under Rules 12, 56, or 65 "must not exceed 2,500 words, or in the alternative, 10 pages."[58] Any documents beyond this page limit "must certify compliance with the word-count limit."[59] Additionally, Local Rule 7-1(a)(1) states that the motion and supporting memorandum should appear in one document.[60]

Plaintiffs' Motion for Reconsideration includes a ten-page Motion and a fourteen-page Memorandum in Support, neither of which certifies its word count.[61] This puts Plaintiffs' filings over the word and page limits, violating Rule 7-1, and additionally violates the subsection of the rule stating the motion and supporting memorandum should be contained in the same document. If Plaintiffs wish to file overlength briefing, then leave of court must be obtained via a motion for

---

[56] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[57] *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006).

[58] DUCivR 7-1(a)(3)(C).

[59] *Id.*

[60] DUCivR 7-1(a)(1).

[61] *See* Dkt. 25; Dkt. 25-1.

leave to file an overlength motion or memorandum.[62] Such a motion must contain "a statement of the reasons why additional pages or words are needed and specify the number required."[63] Again, Plaintiffs' pro se status does not excuse their obligation to comply with the local civil rules.[64] Future motions violating court rules may result in filing restrictions.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Reconsideration is DENIED.[65]

SO ORDERED this 29th day of November, 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[62] DUCivR 7-1(e).

[63] *Id.*

[64] *San Juan Cty.*, 32 F.3d at 455.

[65] Dkt. 25.