UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARY CAROL M. JENKINS and ANGEL KANE, *Uinta Utah Band Members*, <br><br> Plaintiffs, <br><br> v. <br><br> DEB HAALAND, *Secretary of the United States, Department of the Interior*, SEAN D. REYES, *Utah Attorney General*, and the UTE TRIBAL COUNCIL, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Case No. 2:21-cv-00385-RJS-DAO <br><br> Chief District Judge Robert J. Shelby <br> Magistrate Judge Daphne A. Oberg |

Now before the court are Plaintiffs' Objections[1] to Magistrate Judge Daphne A. Oberg's Report and Recommendation,[2] in which Judge Oberg recommends that Defendant Utah Attorney General Sean D. Reyes's Motion to Dismiss[3] be granted. For the reasons stated below, the Plaintiffs' Objections are OVERRULED, the Report and Recommendation is ADOPTED in its entirety, and Reyes's Motion to Dismiss is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

On June 22, 2021, pro se Plaintiffs Mary Carol M. Jenkins and Angel Kane initiated this action against United States Secretary of the Interior Deb Haaland, Utah Attorney General Sean

---

[1] Dkt. 41 (Objection to Report and Recommendation); Dkt. 43 (Response to Motion to Dismiss).

[2] Dkt. 37 (Report and Recommendation).

[3] Dkt. 14 (Motion to Dismiss).

1

D. Reyes, and the Ute Tribal Council.[4]  Plaintiffs assert one claim for relief against all Defendants under the "Treaty with the Uinta Band of Utah Indians of 1861–64, and 1848."[5]

On August 24, 2021, Reyes filed a Motion to Dismiss the Complaint.[6]  In it, Reyes argues the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because: (1) the Complaint asserts no particular facts as to Reyes and does not state a plausible claim for relief, (2) Plaintiffs have no claim to the cited treaty rights because the Ute Partition Act of 1954 terminated any such rights, (3) the Complaint fails to allege an actual case or controversy as required to state a claim for declaratory relief, and (4) the Plaintiffs cannot satisfy the basic elements justifying injunctive relief.[7]

On September 14, 2021, Plaintiffs filed an Opposition to Reyes's Motion, arguing this court has jurisdiction over their claims and that the "Defendant State of Utah" has breached duties owed to Plaintiffs.[8]  Reyes replied on October 1, 2021.[9]  Plaintiffs filed a "Reply Memorandum in Opposition" on October 8, 2021, which also contained a putative Motion for Summary Judgment.[10]

On October 25, 2021, Judge Oberg issued a Report and Recommendation (the Report), recommending that Reyes's Motion to Dismiss be granted.[11]  Judge Oberg agreed with Reyes that the Complaint failed to state a plausible claim for relief against Reyes and failed to put him

---

[4] Dkt. 1 (Complaint).

[5] *Id.* ¶ 12.

[6] Motion to Dismiss.

[7] *Id.* at 4–9.

[8] Dkt. 17 (Opposition) at 18–22.

[9] Dkt. 24 (Reply).

[10] *See* Dkt. 29 (Reply to Response to Motion).  Reyes responded to the "Reply Memorandum in Opposition" and its putative request for Summary Judgment on October 21, 2021.  *See* Dkt. 36 (Response).

[11] Report and Recommendation.

2

on notice of any wrongdoing.[12]  Indeed, Judge Oberg noted the Complaint "does not even mention Attorney General Reyes apart from listing him as a defendant in the caption," and that the other allegations against "Defendants" in general were unsupported by factual development identifying specific actions taken by particular Defendants that harmed Plaintiffs.[13]  Finding that Plaintiffs' Opposition also failed to address the identified deficiencies in the Complaint, Judge Oberg concluded the Complaint failed to state a claim against Reyes and should be dismissed pursuant to Rule 12(b)(6).[14]

On November 1, 2021, Plaintiffs filed their First Objection to the Report.[15]  On November 10, 2021, Plaintiffs filed a "Response to Motion to Dismiss and Memorandum in Support."[16]  The court now turns to Plaintiffs' arguments.

## LEGAL STANDARDS

Plaintiffs are proceeding pro se.  While the court "liberally construe[s] pro se pleadings, [Plaintiffs'] pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[17]

The applicable standard of review in considering a magistrate judge's report and recommendation depends on whether a party lodges an objection to it.[18]  When assessing

---

[12] *Id.* at 4–5.

[13] *Id.* at 4.

[14] *Id.* at 4–5.  As to Plaintiffs' surreply and putative motion for summary judgment, *see* Dkt. 29, Judge Oberg explained that the District of Utah's Local Civil Rules do not contemplate briefing beyond a response and a reply, Plaintiffs did not seek leave to file a surreply, and that the Local Rules also prohibit filing a new motion in a response or reply memorandum.  Accordingly, Judge Oberg did not consider the unauthorized surreply or the motion contained within. *See* Report and Recommendation at 4 n.2.

[15] Objection to Report and Recommendation.

[16] Response to Motion to Dismiss.

[17] *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[18] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

unobjected-to portions of a report and recommendation, the Supreme Court has suggested no further review by the district court is required, but neither is it precluded.[19] This court generally reviews unobjected-to portions of a report and recommendation for clear error.[20]

However, Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations."[21] In those instances, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[22] To qualify as a proper objection that triggers de novo review, the objection must be both timely—that is, made within fourteen days—and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[23] Thus, de novo review is not required where a party advances objections to a magistrate judge's disposition that are either indecipherable or overly general.[24]

---

[19] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *id.* at 153–54 (noting that "it is the district court, not the court of appeals, that must exercise supervision over the magistrate," so that "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

[20] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[21] Fed R. Civ. P. 72(b).

[22] Fed. R. Civ. P. 72(b)(3) (emphasis added); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.") (citations omitted).

[23] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[24] *See id.* ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.") (citation omitted); *see also Moore v. Astrue*, 491 F. App'x 921, 922 (10th Cir. 2012) (upholding district court's clear error review of magistrate judge's report and recommendation because Plaintiffs objected only "generally to every finding" in the report).

Turning to the underlying motion at issue, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] When determining whether a complaint meets these criteria, the court will "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[27] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[28]

## ANALYSIS

The court must first determine whether the Objection and the "Response to Motion to Dismiss" are timely, and next, decide whether either sets forth objections specific enough to trigger de novo review of any section of Judge Oberg's Report.

### I.  The Objections are Timely

Plaintiffs filed an Objection to the Report on November 1, 2021.[29] This Objection (hereinafter, the First Objection) is timely as it was filed within fourteen days.

Plaintiffs also filed a "Response to Motion to Dismiss" which was docketed on November 10, 2021.[30] The Response contains argument concerning the Motion to Dismiss, which is the subject of the Report. Construing the Response liberally, the court will treat it as an

---

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[26] *Id.* (citing *Twombly*, 550 U.S. at 556).

[27] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

[28] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[29] Objection to Report and Recommendation (hereinafter First Objection).

[30] Response to Motion to Dismiss (hereinafter Second Objection).

5

objection (hereinafter, the Second Objection) to the Report. While the Second Objection was docketed on November 10, 2021, it was mailed on November 8, 2021, just within the fourteen-day window for the Objection to be considered timely. Accordingly, the Second Objection is also timely.

Having determined both Objections are timely, the court must consider whether either is specific enough to trigger de novo review, and whether the Objections should be sustained or overruled. Each Objection is considered in turn.

## II. The First Objection is Overruled

The First Objection contains only one clear reference to Judge Oberg's Report. Plaintiffs write the Report "is missing the gravest abuses, and endangering paramount of Uinta Valley Treaty's undivided trust interests of Plaintiff Uinta Band of Utah Indian's Treaty Rights, by allowing State of Utah's Attorney General Reyes's motion to dismiss."[31] This conclusory statement, which repeats argument made in the Opposition to the Motion to Dismiss, is too broad to qualify as a proper objection as it only states a general objection to the entire Report.[32]

Beyond this brief statement concerning the Report, the First Objection repeats arguments made in prior filings concerning the Motion to Dismiss and Motions for Temporary Restraining Order, as well as attempting entirely new arguments. These arguments specifically address only one issue in the Report, which triggers de novo review of that issue.

First, the Objection raises—for the first time in this litigation—the argument that Defendants' actions are in violation of the Religious Freedom Restoration Act (RFRA).[33] Plaintiffs rely on RFRA to argue both that their Motions for Temporary Restraining Order should

---

[31] First Objection at 5–6.

[32] *See One Parcel of Real Prop.*, 73 F.3d at 1060.

[33] First Objection at 7–11.

have been granted and that the Motion to Dismiss should be denied.[34] However, Plaintiffs, in their Complaint, do not bring any RFRA claims.[35] This new argument does not identify factual or legal errors in Judge Oberg's Report and thus does not trigger de novo review. Indeed, arguments raised for the first time in objections to a magistrate judge's recommendation are deemed waived.[36]

Second, Plaintiffs claim: "Defendant Utah Attorney General is legally interchangeable with the State of Utah for all purposes, Uinta treaty Complaint sufficiently plead that Defendant Utah Attorney General Acknowledge documentation that Uinta Valley Treaty Reserve does exist because of the State of Utah's Enabling Act of United States Congress."[37] To the extent Plaintiffs contend Judge Oberg erred by concluding that the Complaint failed to state a claim against Reyes, this argument can be liberally construed as an objection to that finding of the Report, warranting de novo review.

But Plaintiffs offer no legal support for the proposition that Reyes and the state of Utah are interchangeable, nor is the court aware of any. Therefore, the Complaint must state a claim against Reyes, specifically, to avoid dismissal. Because a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and the Complaint does not mention Reyes beyond naming him in the caption, the court cannot infer Reyes is liable for the alleged misconduct.[38] As such, the court

---

[34] *See id.*

[35] *See* Complaint ¶ 12 (bringing sole claim for relief under the "Treaties of 1861–64, and 1848").

[36] *See, e.g.*, *Ong Vue v. Henke*, 746 F. App'x 780, 783 (10th Cir. 2018) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

[37] First Objection at 11.

[38] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

finds no error in Judge Oberg's conclusions regarding the Complaint's failure to state a claim against Reyes.

Plaintiffs next argue the state of Utah[39] has a "general trust relationship" with the Uinta Band arising from the 1861-64 treaty that is "judicially enforceable."[40] Plaintiffs argue the court "rejected this trust claim,"[41] the "trust" has not been abrogated by Congress, and that breaching the trust harms the Uinta Band.[42] However, the Report does not make a legal finding on a "trust claim," because no such claim is brought in the Complaint. This argument thus fails to state a specific objection to the Report.[43]

Finally, Plaintiffs conclude the Objection by arguing that the factors for a preliminary injunction are met, and ask that the court "reverse and remand for re-entry of the preliminary injunction preventing the transfer and destruction of Uinta lands."[44] An Objection to the Magistrate Judge's Report recommending Reyes's Motion to Dismiss be granted is not the proper place to relitigate the issue of a Preliminary Injunction, which was denied both in the first instance and on the Plaintiffs' Motion for Reconsideration.[45] Additionally, to the extent the Objection moves for a preliminary injunction, it violates the Local Civil Rules, as new motions cannot be included in responses or replies.[46] Because this argument is not responsive to the

---

[39] The remainder of the Objection seems to rest on the premise that Reyes and the State of Utah are interchangeable. As discussed, Plaintiffs offer no legal support for this proposition.

[40] First Objection at 12.

[41] *Id.* at 15.

[42] *Id.* at 16–17.

[43] Additionally, as discussed above, arguments raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived. *See Ong Vue*, 746 F. App'x at 783.

[44] *See* First Objection at 18–19.

[45] *See* Dkt. 22 (Order Denying Motions for Temporary Restraining Order); Dkt. 44 (Order Denying Motion for Reconsideration).

[46] DUCivR 7-1(a)(3).

Report, and does not identify any factual or legal errors in the Report, it also fails to trigger de novo review.

Because most of the First Objection fails to state a specific objection to the Report, and the section that did state a specific objection did not persuade the court the Complaint states a plausible claim against Reyes, the first Objection is overruled.

### III.     The Second Objection is Overruled

The Second Objection purports to show Plaintiffs' "legal standings under FRCP 12(b)(6)."[47]  The court will summarize Plaintiffs' argument in the Second Objection to determine if any is specific enough to trigger de novo review of the Report.

As an initial matter, while this Objection contains the general statement that Judge Oberg "show[ed] lack of knowledge" of treaties, it does not explain how that "lack of knowledge" led to an error in Judge Oberg's conclusion that Plaintiffs failed to state a claim for relief.  Aside from that brief mention of Judge Oberg, the Report is not specifically mentioned.  While Plaintiffs state, without citation to any authority, that "Defendant failed to meet his burden as the moving party," this conclusory statement fails to address Reyes's arguments concerning the requirements a complaint must meet to avoid dismissal under Rule 12(b)(6).[48]  Nor does this statement address the Report's conclusion that Reyes's Motion to Dismiss should be granted because Plaintiffs failed to allege any specific acts or omissions by Reyes.[49]  As such, neither statement identifies an error in the Report requiring de novo review.

In the remainder of the Second Objection, Plaintiffs argue: "[t]he State of Utah is failing to show how the State of Utah legislations, or State jurisdiction applies in Indian Country within

---

[47] Second Objection at 2.

[48] *See* Motion to Dismiss at 4–5 (citing *Iqbal*, 556 U.S. at 678).

[49] *See* Report and Recommendation at 4.

Uinta Valley boundaries without indispensable Party of United States Congress (consent) FRCP 12(b)(7), along with Uinta Band of Utah Indians inherent sovereign and Treaty-reserved rights by unlawfully exercising State authority over Indian Country."[50] Plaintiffs next state they are seeking "declaratory relief that Defendant Utah Attorney General Reyes violated the Treaty of Uinta Band of Utah Indians' 'Treaty of 1861-1864,' as well as 1151; 1152, and 1153."[51] They also allege "imminent further violation of Uinta sovereignty and jurisdiction by Defendant alleged claims on being outside of Federal Court."[52] These conclusory statements repeat arguments made in prior filings.[53] None of these arguments identifies a specific factual or legal error in the Report requiring the court to conduct a de novo review of the Motion to Dismiss.

Finally, Plaintiffs claim Reyes "did not prove [he] lack[ed] capacity to be sued."[54] Plaintiffs append a 2018 decision in a case from the Eastern District of Washington, *Confederated Tribes and Bands of the Yakama Nation v. Klickitat County*, apparently to support the proposition Reyes has the capacity to be sued.[55] However, the case is distinguishable. In *Yakama Nation*, the Plaintiff Yakama Nation filed suit based on an incident when Klickitat County arrested a Yakama Member on land within the Yakama Reservation.[56] Plaintiffs sought an injunction preventing Klickitat County from prosecuting Yakama members on their own land.

---

[50] Second Objection at 2.

[51] *Id.*

[52] *Id.* at 2–3. To the extent the Second Objection seeks other relief, such as the grant of a preliminary injunction or declaratory relief, it fails. Again, under DUCivR 7-1(a)(3), a responsive filing cannot include a new motion. And, as discussed in the court's orders related to the Motions for Temporary Restraining Order, the showing for a TRO has not been made in this case. *See* Dkt. 22 (Order Denying Motions for Temporary Restraining Order); Dkt. 44 (Order Denying Plaintiffs' Motion for Reconsideration).

[53] *See* Dkt. 15 (Motion for Temporary Restraining Order); Dkt. 20 (Motion for Temporary Restraining Order); Dkt. 25 (Motion for Reconsideration).

[54] Second Objection at 3.

[55] No. 1:17-cv-3192-TOR, 2018 WL 8620412 (E.D. Wash. June 29, 2018).

[56] *Id.* at *1–*2.

The court denied a motion to dismiss, finding the Klickitat County Department of the Prosecuting Attorney, the Sheriff's Office, and Klickitat County had the capacity to be sued, and that plaintiffs had sued the proper defendants necessary to obtain the relief sought.[57] But here, Plaintiffs have sued Reyes only in his personal capacity, and did not name the State of Utah as a Defendant in the Complaint.[58] Additionally, as Judge Oberg explains in the Report, Plaintiffs have failed to identify any particular acts or omissions by Reyes that have harmed them—unlike the *Yakama* plaintiffs, who identified specific acts by the Klickitat County officials that, they argued, violated treaty rights.

In conclusion, the Second Objection fails to identify any specific legal or factual errors in the Report requiring the court to conduct de novo review of the Motion to Dismiss.

## IV.     The Report and Recommendation is Adopted

Finding no clear error in the remainder of the Report, the court ADOPTS it in its entirety, and accordingly GRANTS Reyes's Motion to Dismiss.

---

[57] *Id.* at *3–*5.

[58] *See* Complaint.

## CONCLUSION

For the reasons stated above, Plaintiffs' Objections[59] are OVERRULED, the Report and Recommendation[60] is ADOPTED in its entirety, and Reyes's Motion to Dismiss[61] is GRANTED. All claims asserted against Reyes in the Complaint[62] are dismissed.

SO ORDERED this 22nd day of December, 2021.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[59] Dkt. 41; Dkt. 43.

[60] Dkt. 37.

[61] Dkt. 14.

[62] Dkt. 1.