UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARY CAROL M. JENKINS and ANGEL KANE, Uinta Utah Band Members,<br><br>Plaintiffs,<br><br>v.<br><br>DEB HAALAND, Secretary of the U.S. Department of the Interior; and UTE TRIBAL COUNCIL MEMBERS,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO GRANT SECRETARY HAALAND'S MOTION TO DISMISS (DOC. NO. 51)**<br><br>Case No. 2:21-cv-00385<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiffs Mary Carol M. Jenkins and Angel Kane brought this action against Deb Haaland, as Secretary of the United States Department of the Interior, Utah Attorney General Sean D. Reyes, and Ute Tribal Council Members. (Compl. 1, Doc. No. 1.) Plaintiffs, as members of a group called Uinta Band of Utah Indians, assert claims for alleged violations of treaty rights. (*Id.*) The United States, on behalf of Secretary Haaland, moves to dismiss the claims against Secretary Haaland under Rules 12(b)(1), 12(b)(6), and 12(b)(5) of the Federal Rules of Civil Procedure. (Secretary Haaland's Mot. to Dismiss ("Mot."), Doc. No. 51.) The time for a response has passed, and Plaintiffs have not responded to the motion to dismiss. Because Plaintiffs' claims are subject to dismissal for failure to state a claim and the court lacks subject matter jurisdiction, the undersigned[1] recommends the chief district judge grant the motion and dismiss Plaintiffs' claims against Secretary Haaland under Rules 12(b)(1) and 12(b)(6).

---

[1] On September 24, 2021, Chief District Judge Shelby referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 23.)

1

BACKGROUND

Plaintiffs initiated this case on June 22, 2021, by filing a "Complaint for Declaratory Relief by Treaty Status and Injunctive Relief." (Compl. 1, Doc. No. 1.) Plaintiffs allege they are members of a group called Uinta Band of Utah Indians. (*Id.*) Although their claims are difficult to discern, Plaintiffs appear to allege generally that Uinta Band of Utah Indians' rights to property, water, and natural resources under various treaties have been violated. (*Id.* at 3.) They allege the "State of Utah and Ute Tribe have been overstepping their boundaries," and the "Ute Indian Tribe is falsely using Uinta Valley Reserve's Treaty." (*Id.* at 7–8.) For example, they allege Uinta Band of Utah Indians were, at one point, recognized as owners of the water within the Uinta Valley, but "Defendants are acting to divert the waters away from the rightful owners without compensation and consent." (*Id.* at 8.) They also assert Defendants "have been [i]infringing upon both the Uinta Indian's and the United States jurisdiction over Uinta Indians in Indian Country" because they "recently charged, detained, [and] prosecuted [a] Uinta Indian for alleged rights crimes occurring in Utah, which is wholly located within the boundaries of the Uinta Valley Reserve." (*Id.* at 5.) Plaintiffs claim Defendants' actions violate the Uinta Band of Utah Indians' treaty rights and "inherent sovereign and Treaty-reserved criminal jurisdiction." (*Id.* at 9.) Plaintiffs seek declaratory and injunctive relief, including an injunction prohibiting Defendants from "exercising jurisdiction over Uinta Band of Utah Indians for actions arising within the Uinta Valley Reserve." (*Id.* at 10.)

The United States moved to dismiss Plaintiffs' claims against Secretary Haaland on December 23, 2021. (Mot., Doc. No. 51.) Plaintiffs have not responded to the motion.

DISCUSSION

The United States argues Plaintiffs' claims against Secretary Haaland should be dismissed for three reasons. First, the United States argues Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiffs have failed to cite a waiver of sovereign immunity authorizing their claim against Secretary Haaland. Second, the United States argues the complaint fails to state a claim on which relief can be granted against Secretary Haaland under Rule 12(b)(6). Third, the United States argues the complaint should be dismissed for insufficient service of process under Rule 12(b)(5).

Because Plaintiffs have not identified any applicable exception or waiver of sovereign immunity, their claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Plaintiffs' claims are also subject to dismissal for failure to state a claim under Rule 12(b)(6). Because Plaintiffs' claims may be dismissed on these grounds, the court need not address the sufficiency of service.

### 1. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Rule 12(b)(1) permits dismissal of a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When a motion under this rule presents a facial attack based on the allegations in the complaint, the court applies the same standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true. *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). The United States' motion presents a facial attack because it argues sovereign immunity applies to Plaintiffs' claims, as pled in the complaint.

"Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacity from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225

(10th. Cir. 2002). "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." *Iowa Tribe v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010). "The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

"Federal courts generally deem a suit for specific relief, *e.g.*, injunctive or declaratory relief, against a named officer of the United States to be a suit against the sovereign." *Wyoming*, 279 F.3d at 1225. Courts recognize two narrow exceptions to sovereign immunity from suits seeking declaratory or injunctive relief: "(1) [where] the conduct is not within the officer's statutory powers or, (2) [where] those powers, or their exercise in the particular case, are unconstitutional." *Id.* (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 702 (1949)).

Plaintiffs do not allege Secretary Haaland acted outside her statutory powers or unconstitutionally. Thus, based on Plaintiffs' complaint, no exception to sovereign immunity applies. And Plaintiffs, who failed to respond to the motion to dismiss, have not cited any waiver of sovereign immunity applicable to their claims. As discussed in the following section, the precise nature of Plaintiffs' claims against Secretary Haaland is unclear because Plaintiffs fail to identify particular acts or omissions by Secretary Haaland or the United States Department of the Interior which have harmed them. However, Plaintiffs generally allege violations of treaty rights, property rights, and water rights purportedly held by the Uinta Band of Utah Indians. Plaintiffs have failed to identify any waiver of immunity which would permit them, as individual members of that group, to sue the United States for such alleged violations, or to obtain declaratory or injunctive relief against the United States.

In their motion, the United States interprets Plaintiffs' complaint as an attempt to assert a claim under the Quiet Title Act, 28 U.S.C. § 2409a. (Mot. 3, Doc. No. 51.) Although this act constitutes a limited waiver of sovereign immunity, Plaintiffs have not established the waiver applies to their claims. According to the United States' interpretation, Plaintiffs are asking the court to declare the Uinta Band of Utah Indians the rightful owner or beneficiary of the Uintah and Ouray Reservation, rather than the federally recognized Ute Indian Tribe of the Uintah and Ouray Reservation.[2] (*Id.*) The Quiet Title Act permits the United States to be named as a party in actions "to adjudicate a disputed title to real property in which the United States claims an interest," but it expressly does not apply to actions for water rights or involving "trust or restricted Indian lands." 28 U.S.C. § 2409a(a). Plaintiffs' complaint does not clearly allege the United States claims an interest in the real property at issue. Further, Plaintiffs' allegations appear to relate to both "restricted Indian lands" and water rights, which are expressly excepted from the statutory waiver of immunity. *Id.* Thus, the Quiet Title Act's limited waiver of sovereign immunity does not appear applicable to Plaintiffs' claims.

Because Plaintiffs have not identified any applicable exception to or waiver of sovereign immunity, their claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

### 2. Failure to State a Claim Under Rule 12(b)(6)

Plaintiffs' claims are also subject to dismissal for failure to state a claim under Rule 12(b)(6). To avoid dismissal under this rule, a complaint must allege "enough facts to state a

---

[2] Although the Complaint alleges the Uinta Band of Utah Indians is federally recognized, (Compl. 6–7, Doc. No. 1), the United States points out this group is not a federally recognized tribe, (Mot. 3, Doc. No. 51 (citing Indian Entities Recognized by and Eligible to Receive Services from the U.S. Bureau of Indian Affairs, 86 Fed. Reg. 7,554–58 (Jan. 29, 2021)). This distinction is immaterial to the court's analysis.

claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In reviewing a motion to dismiss, the court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).

Because Plaintiffs proceed pro se, their filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

Plaintiffs' complaint fails to state a plausible claim for relief against Secretary Haaland. The complaint contains no allegations of particular acts or omissions by Secretary Haaland or the United States Department of the Interior which have harmed Plaintiffs. The allegations that "Defendants" collectively violated treaty rights by encroaching on Uinta Band of Utah Indian land, prosecuting a member of the Uinta Band of Utah Indians, and diverting water are insufficient to state any recognized legal claim against Secretary Haaland. The complaint does not identify how the two named plaintiffs were harmed or how Secretary Haaland or the

Department of the Interior was involved. In other words, Plaintiffs fail to allege sufficient facts on which a recognized legal claim against Secretary Haaland could be based.

For these reasons, Plaintiffs' complaint fails to state a plausible claim for relief under Rule 12(b)(6) against Secretary Haaland.

### 3. Insufficient Service of Process Under Rule 12(b)(5)

Because Plaintiffs' claims are subject to dismissal on other grounds, the court need not address whether their claims should also be dismissed for insufficient service Rule 12(b)(5).

### RECOMMENDATION

Because the Plaintiffs' claims are subject to dismissal under Rules 12(b)(1) and 12(b)(6), the undersigned RECOMMENDS the chief district judge GRANT Secretary Haaland's motion to dismiss, (Doc. No. 51), and DISMISS Plaintiffs' claims.

The court will send copies of this Report and Recommendation to all parties who have appeared, who are notified of their right to object to it. Any objection to this Report and Recommendation must be filed within fourteen (14) days of service. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28th day of April, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge