UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARY CAROL M. JENKINS and ANGEL KANE, *Uinta Utah Band Members*,<br><br>Plaintiffs,<br><br>v.<br><br>DEB HAALAND, *Secretary of the United States, Department of the Interior*, and the UTE TRIBAL COUNCIL,<br><br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:21-cv-00385-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs initiated this action on June 22, 2021, filing their Complaint which brings a single cause of action against Defendants for "Violation of the Treaty with the Uinta Band of Utah Indians of 1861–64, and 1848."[1] The case was referred to Magistrate Judge Daphne A. Oberg pursuant to 28 U.S.C. § 636(b)(1)(B) to handle the case up to and including a Report and Recommendation on all dispositive matters.[2]

On December 23, 2021, Defendant Secretary of the Interior Deb Haaland filed a Motion to Dismiss the Complaint.[3] Plaintiffs filed no opposition to the Motion. On April 28, 2022, Judge Oberg issued a detailed Report and Recommendation (the Report) recommending the Motion be granted.[4] In the report, Judge Oberg notified the parties of their right to object,

---

[1] *See* Dkt. 1 (Complaint) ¶¶ 12–13.

[2] Dkt. 23 (Order Referring Case).

[3] Dkt. 51 (Motion to Dismiss).

[4] Dkt. 52 (Report and Recommendation). Judge Oberg specifically found Plaintiffs' Complaint identified no exception to Secretary Haaland's sovereign immunity and should be dismissed pursuant to Federal Rule of Civil Procedure (12)(b)(1), and further that the Complaint failed to identify any acts or omissions of Secretary Haaland and should be dismissed pursuant to Rule 12(b)(6). *Id.* at 3–7.

1

explaining "[a]ny objection . . . must be filed within fourteen (14) days of service," and cautioning the parties that "[f]ailure to object may constitute waiver of objections upon subsequent review."[5]

Over a month later, neither party has filed any objection to Judge Oberg's Report. As Judge Oberg cautioned, any objection is now waived. The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."[6] While the court may choose not to apply the firm waiver rule "when the interests of justice so dictate,"[7] and the Supreme Court has stated further review by the district court is neither required nor precluded where a litigant does not objection to a Report and Recommendation,[8] there is no discernable reason in the record for such a course. Judge Oberg advised the parties of the consequences of any failure to object, and Plaintiffs have previously lodged objections to a Report and Recommendation.[9] Plaintiffs' pro se status does not relieve them of their obligations to comply with the Federal Rules,[10] nor does it excuse failing to object to a Report and Recommendation where the parties have been clearly apprised of the consequences of that failure.[11]

---

[5] *Id.* at 7.

[6] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal citations and quotations omitted).

[7] *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[8] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[9] *See* Dkt. 41 (Objection to Report and Recommendation); Dkt. 43 (Response to Motion to Dismiss).

[10] While the court "liberally construe[s] pro se pleadings, [Plaintiffs'] pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[11] *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996) (noting that exception to firm waiver rule only applies where pro se parties are not warned of the consequences of failing to object).

Moreover, after reviewing the briefing and relevant legal authority, the court concludes Judge Oberg did not clearly err in recommending the unopposed Motion to Dismiss be granted. Indeed, the Report is well supported by the record and cited legal authorities. The court therefore ADOPTS the Report[12] and GRANTS Defendant Secretary Haaland's Motion to Dismiss.[13]

SO ORDERED this 3rd day of June, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[12] Dkt. 52.

[13] Dkt. 51.