UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARY CAROL M. JENKINS and ANGEL KANE, Uinta Utah Band Members, <br><br> Plaintiffs, <br><br> v. <br><br> UTE TRIBAL COUNCIL MEMBER, <br><br> Defendant. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO SERVE AND FAILURE TO PROSECUTE** <br><br> Case No. 2:21-cv-00385 <br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

On June 22, 2021, pro se Plaintiffs Mary Carol M. Jenkins and Angel Kane filed this action against Secretary of the Interior Deb Haaland, Utah Attorney General Sean D. Reyes, and "Ute Tribal Council Member."[1] Plaintiffs' claims against Secretary Haaland and Attorney General Reyes have been dismissed.[2] On June 13, 2022, Plaintiffs were ordered to show cause why this case should not be dismissed for failure to serve the remaining defendant, "Ute Tribal Council Member," and for failure to prosecute.[3] Plaintiffs did not respond by the July 5, 2022 deadline or any time thereafter. Therefore, as explained below, the undersigned[4] recommends the chief judge dismiss this action without prejudice.

---

[1] (Compl., Doc. No. 1.)

[2] (*See* Doc. Nos. 50, 53.)

[3] (Order to Show Cause, Doc. No. 54.)

[4] On September 24, 2021, Chief Judge Robert J. Shelby referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 23.)

1

## BACKGROUND

This case was filed on June 22, 2021.[5] In July 2021, Plaintiffs filed an affidavit stating the complaint and summonses were served via certified mail upon "Ute Tribal Council Member" and the other defendants, along with signed delivery receipts.[6] Plaintiffs then moved for entry of default against the Ute Tribal Council.[7] The court denied the motion on October 12, 2021, finding Plaintiffs failed to show the Ute Tribal Council was properly served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.[8] On October 26, 2021, Plaintiffs filed another affidavit, again stating "Ute Tribal Council Members" were served by mail.[9] But this affidavit failed to show service by mail was proper under Rule 4, for the same reasons stated in the prior order.[10]

On June 13, 2022, the court ordered Plaintiffs to show cause why this case should not be dismissed for failure to serve or failure to prosecute.[11] The court noted that since entry of the October 2021 order denying Plaintiffs' motion for default, Plaintiffs had not filed proof of proper service of "Ute Tribal Council Member" under Rule 4, and they had taken no other action to

---

[5] (*See* Compl., Doc. No. 1.)

[6] (Doc. No. 10.)

[7] (Doc. No. 12.)

[8] (Order Den. Mot. for Default on Ute Tribal Council, Doc. No. 32); *see also* Fed. R. Civ. P. 4.

[9] (Doc. No. 42.)

[10] (*See* Order Den. Mot. for Default on Ute Tribal Council, Doc. No. 32.)

[11] (Order to Show Cause, Doc. No. 54.)

pursue their claims against this defendant.[12]  Plaintiffs were ordered to file either proof of proper service or a document setting forth good cause for failure to serve this defendant by July 5, 2022.[13]  The court warned Plaintiffs that "failure to do so [would] result in a recommendation that this case be dismissed."[14]  Plaintiffs did not file a response or proof of service by the deadline or any time thereafter.

## ANALYSIS

Dismissal is warranted based on Plaintiffs' failure to serve the only remaining defendant, "Ute Tribal Council Member," and Plaintiffs' failure to prosecute this action.

### A. Failure to Serve

Rule 4(m) of the Federal Rules of Civil Procedure provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[15]  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[16]

Plaintiffs failed to properly serve the remaining defendant within the time provided by Rule 4(m), or at any time since the case was filed more than seventeen months ago.  Plaintiffs also failed to comply with the court's order to show cause, which set a new deadline to provide

---

[12] (*Id.*)

[13] (*Id.*)

[14] (*Id.*)

[15] Fed. R. Civ. P. 4(m).

[16] *Id.*

proof of service or show good cause for failure to serve.  Plaintiffs were warned that failure to comply would result in a recommendation to dismiss the case.  Under these circumstances, the court "must" dismiss the action without prejudice as to the unserved defendant.[17]

### B. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure establishes the court's authority to dismiss a case with or without prejudice for failure to prosecute.  This rule states that if a plaintiff fails to prosecute or comply with federal rules or court orders, the defendant "may move to dismiss the action or any claim against it."[18]  But "Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."[19]  Additionally, the District of Utah's local rules provide "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution," and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper."[20]

The court employs different standards depending on the type of dismissal entered.  When dismissing with prejudice, the court must consider the five *Ehrenhaus* factors:  (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal

---

[17] *See id.*

[18] Fed. R. Civ. P. 41(b).

[19] *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (alteration in original) (internal quotation marks omitted).

[20] DUCivR 41-2.

of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."[21]  But "[w]hen dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."[22]

Because dismissal for failure to serve is without prejudice, the court follows the same approach for failure to prosecute.  Plaintiffs failed to respond to the order to show cause, despite being warned such failure would result in a recommendation to dismiss this action.  Further, Plaintiffs have failed to take any action to pursue their case against the remaining defendant in the more than five months since the order to show cause was entered.  Under these circumstances, dismissal without prejudice for failure to prosecute is warranted.

## RECOMMENDATION

The undersigned RECOMMENDS the chief district judge dismiss this action without prejudice for failure to serve the only remaining defendant, "Ute Tribal Council Member," and for failure to prosecute.  The court will send this Report and Recommendation to Plaintiffs, who

---

[21] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted).

[22] *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted).

are notified of their right to object to it.  Plaintiffs must file any objection within fourteen days of service.[23]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30th day of November, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[23] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).