UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARY CAROL M. JENKINS and ANGEL KANE, Uinta Utah Band Members,<br><br>   Plaintiffs,<br><br>v.<br><br>DEB HAALAND, Secretary of the United States, Department of the Interior, SEAN D. REYES, Utah Attorney General, and the UTE TRIBAL COUNCIL,<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING AND DENYING PLAINTIFFS' NOTICE FOR EXTENSION OF TIME, AND ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:21-cv-00385-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br>Magistrate Judge Daphne A. Oberg |

Pending before the court are Magistrate Judge Daphne A. Oberg's Report and Recommendation[1] (the Report) and Plaintiffs' Notice for Extension of Time and Reply to Report and Recommendation to Dismiss Action Without Prejudice for Failure to Service and Failure to Prosecute (the Notice).[2]  For the reasons stated below, the Notice is construed as an objection and is OVERRULED, and the Report is ADOPTED in its entirety.  The court also DENIES the Notice inasmuch as it is construed as a motion for extension of time, and this action is DISMISSED without prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

On June 22, 2021, pro se Plaintiffs Mary Carol M. Jenkins and Angel Kane initiated this action against United States Secretary of the Interior Deb Haaland, Utah Attorney General Sean D. Reyes, and the Ute Tribal Council (the Council).[3]  Plaintiffs asserted one claim for relief

---

[1] Dkt. 56, *Report and Recommendation*.

[2] Dkt. 57, *Notice for Extension of Time*.

[3] Dkt. 1 *Complaint*.

against all Defendants under the "Treaty with the Uinta Band of Utah Indians of 1861–64, and 1848."[4]  Both Utah Attorney General Sean D. Reyes and United States Secretary of the Interior Deb Haaland were eventually dismissed, leaving the Council as the lone defendant.[5]

On July 12, 2021, Plaintiffs filed a certified mail receipt along with an affidavit stating the Council was served with the Complaint and Summons on June 23, 2021.[6]  The next week, Plaintiffs moved for entry of default judgment against the Council, asserting it failed to timely answer the Complaint.[7]  Judge Oberg denied the Motion, finding Plaintiffs did not properly serve the Council under the Federal Rules of Civil Procedure.[8]  Properly serving a tribal government requires compliance with the procedures prescribed in Rule 4(h), which allows for individual service under Rule 4(e)(1) or service through certified mail signed by the Council's authorized agent.[9]  Because Plaintiffs did not identify who signed the mail receipt for the Council, they failed to establish proper service.[10]  Plaintiffs then filed a new receipt from Fed Ex, along with another affidavit stating the Council was served.[11]  This mailing and affidavit likewise failed to identify who received the Complaint and Summons for the Council.[12]

About eight months later, on June 13, 2022, Judge Oberg issued an Order to Show Cause why the claims against the Council should not be dismissed for failure to serve or prosecute.[13]

---

[4] *Id.* ¶ 12.

[5] Dkt. 50, *Memorandum Decision and Order* (dismissing Sean D. Reyes); Dkt. 53, *Order Adopting Report and Recommendation* (dismissing Deb Haaland).

[6] Dkt. 10, *July 2021 Summons on Ute Tribal Council* [Restricted].

[7] Dkt. 12.

[8] Dkt. 32.

[9] *Id.* at 2–3.

[10] *Id.* at 2–3; *see also July 2021 Summons on Ute Tribal Council.*

[11] Dkt. 42 at 1–4.

[12] *See id.*

[13] Dkt. 54, *Order to Show Cause.*

Citing Rule 4(m), which requires service within 90 days of filing a complaint, Judge Oberg noted it had been nearly a year since Plaintiffs filed the Complaint, and they had still not properly served the Council.[14]  Judge Oberg gave Plaintiffs until July 5, 2022 to file proof of proper service or a document showing good cause why proper service could not be effected.[15] Defendants were told a failure to comply with the Order would result in dismissal.[16]

After another five months without activity, on November 30, 2022 Judge Oberg filed the Report recommending the undersigned dismiss the case without prejudice, noting that Rule 41(b) of the Federal Rules of Civil Procedure "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."[17]  In this case, Judge Oberg found dismissal was warranted because Plaintiffs failed to respond to the Order and "failed to take any action to pursue their case against the remaining defendant in the more than five months since the order to show cause was entered."[18]  Judge Oberg recommended dismissal without prejudice since dismissal for failure to serve is treated as such and by doing so the court need not consider the five *Ehrenhaus* factors.[19]  Finally, Judge Oberg notified Plaintiffs of their right to file an objection to the Report within fourteen days of service and warned that a failure to object "may constitute waiver of objections upon subsequent review."[20]

---

[14] *Id.* at 1–2.

[15] *Id.* at 2.

[16] *Id.* at 2.

[17] *Id.* at 4–5 (quoting *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2017) (internal quotations omitted)).

[18] *Id.* at 5.

[19] *Id.* at 4–5 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  The *Ehrenhaus* factors are "criteria for the district court to consider prior to imposing dismissal [with prejudice] as a sanction."  965 F.2d at 921.

[20] *Id.* at 5–6.

On December 19, 2022, Plaintiffs filed the pending Notice for Extension of Time.[21]  The Notice states it is in "Reply to [the] Order to Show Cause filed November 30, 2022" and includes a "Motion for Extension of Time" to correct the service errors.[22]  The Report and pending Notice implicate issues related to Rule 4 service of process, Rule 6 modifications of deadlines, and objections to reports and recommendations governed by Rule 72.  The court first sets out the legal standards relevant to each, before analyzing their application here.

## LEGAL STANDARDS

Plaintiffs are proceeding pro se.  While the court "liberally construe[s] pro se pleadings, [Plaintiffs'] pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[23]

The applicable standard of review in considering objections to a magistrate judge's report and recommendation depends on whether a party lodges an objection to it.[24]  When assessing unobjected-to portions of a report and recommendation, the Supreme Court has suggested no further review by the district court is required, but neither is it precluded.[25]  And the Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of

---

[21] Dkt. 58.

[22] *Id.* at 2.

[23] *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[24] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[25] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *id.* at 153–54 (noting that "it is the district court, not the court of appeals, that must exercise supervision over the magistrate," so that "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

both factual and legal questions."[26]  A party must make both timely and specific objections to a magistrate judge's report "to preserve an issue for de novo review by the district court or for appellate review."[27]  For that reason, this court generally reviews unobjected-to portions of a report and recommendation for clear error.[28]

However, Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations."[29]  In those instances, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[30]  To qualify as a proper objection triggering de novo review, the objection must be both timely—that is, made within fourteen days of service—and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[31]  Thus, de novo review is not required where a party advances objections to a magistrate judge's disposition that are either untimely, or indecipherable and overly general.[32]

---

[26] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal citations and quotations omitted).

[27] *Id.* at 1060.

[28]  *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error." (citations omitted)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974)).

[29] Fed R. Civ. P. 72(b).

[30] Fed. R. Civ. P. 72(b)(3) (emphasis added); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." (citations omitted)).

[31] *One Parcel of Real Prop.*, 73 F.3d at 1060 ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[32] *See id.* ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." (citation omitted)); *see also Moore v. Astrue*, 491 F. App'x 921, 922 (10th Cir. 2012) (upholding district court's clear error review of magistrate judge's report and recommendation because Plaintiffs objected only "generally to every finding" in the report).

5

When addressing a motion for extension of time, under Rule 6 of the Federal Rules of Civil Procedure a court may extend the filing deadline if there is "good cause" to do so.[33]  When the motion is submitted after the deadline, the party seeking its admission must also show a failure to act "because of excusable neglect."[34]  In other words, an extension filed after the deadline will be granted only upon a showing of good cause and excusable neglect.[35]  While the two standards are "interrelated," they are not identical.[36]  "Good cause comes into play in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[37]  So for good cause, the movant must show the deadline could not be met despite diligent efforts.[38]  Alternatively, excusable neglect "requires some showing of good faith on the part of the party seeking the [extension] and some reasonable basis for noncompliance within the time specified."[39]  Because there is a strong preference for trying each case on the merits, Rule 6 should be liberally construed.[40]  Nevertheless, an extension of time "is by no means a matter of right."[41]

Finally, Rule 4 of the Federal Rules of Civil Procedure allows permissive extension of time for serving a party, even absent a showing of good cause.[42]  Courts evaluating whether to

---

[33] Fed. R. Civ. P. 6(b)(1).

[34] *Id.* R. 6(b)(1)(B).

[35] *See id.* R. 6(b)(1); *see also Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017).

[36] *Utah Republican Party*, 678 F. App'x at 700.

[37] *Id.* at 700–01.

[38] *Id.* at 701.

[39] *Id.* at 700.

[40] *See id.* (internal citation and quotation omitted).

[41] *See id.* (internal citation and quotation omitted).

[42] *See* Fed. R. Civ. P. 4(m); *Espinoza v. U.S.*, 52 F.3d 838, 842 (10th Cir. 1995) (explaining that a court may grant a permissive extension of time for service even absent good cause if policy considerations or a plaintiff's per se status weighs in favor of extension).

grant a permissive extension must weigh policy considerations such as the plaintiff's "pro se status, the complexity of the service requirements for federal agencies, the danger of prejudice to the defendants, and the possible expiration of the statute of limitations on the claims."[43]

## ANALYSIS

The court first evaluates whether the Notice serves as an Objection to the Report before turning to whether the Notice provides a basis to extend Plaintiffs' deadline to serve the Council.

### I.      The Notice Does Not Trigger De Novo Review

Judge Oberg issued the Report on November 30, 2022.[44]  Plaintiffs mailed their Notice for Extension of Time on December 15, 2022 and it was docketed on December 19, 2022.[45]  It is unclear whether Plaintiffs intended the Notice to be an objection to the report.  Mindful of the liberal standard granted pro se pleadings, the court construes it as such.[46]  Thus, the court considers whether the Notice is timely and specific enough to trigger de novo review of the Report.

First, the Notice is untimely.  To be timely, an objection must be filed "within 14 days after [service]."[47]  Under the Federal Rules of Civil Procedure, service by mail is accomplished "when documents are placed in the hands of the United States Post Office or in a Post Office Box."[48]  Plaintiffs mailed the Notice fifteen days after the court issued the Report—one day past

---

[43] *See Shepard v. United States Dep't of Veterans Affs.*, 819 F. App'x 622, 624 (10th Cir. 2020).

[44] *Report and Recommendation* at 6.

[45] *Notice for Extension of Time*.

[46] The court notes that the *Notice for Extension of Time* was docketed as both a "Motion for Extension of Time" and an "Objection to the Report and Recommendations."  Dkts. 57, 58.

[47] Fed. R. Civ. P. 72(b)(2).

[48] *Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1266 (10th Cir. 1999) (citing Fed. R. Civ. P. 5(b)(2)(C)).

the deadline.  And because "[a] party may not assign as error a defect . . . not timely objected to,"[49] the Notice necessarily fails to object to the Report.[50]

Even if the Notice were timely, it contains no specific objections to the Report.  The only clear reference to Judge Oberg's Report is found in the caption, which in full reads "Plaintiff's Notice for Extension of Time and Reply to Report and Recommendation to Dismiss Action Without Prejudice for Failure to Service and Failure to Prosecute."[51]  As to the substance of the Report, within the Notice are contradictory statements concerning whether service was properly effectuated but nothing specific enough to be considered a proper objection to the Report.[52]  At one point, Plaintiffs appear to concede there has been no proper service and they merely "request[] extension of Time to correct this error."[53]  At another point however, Plaintiffs assert the court "acted to ignore Plaintiff's [sic] service."[54]  This statement could be construed as objecting to the basis of the Report by arguing there was proper service, but it still fails to identify any factual or legal errors in Judge Oberg's Report.  Thus, nothing in the Notice triggers de novo review.[55]

Accordingly, the court reviews the Report for clear error.  Under that standard, the court finds no error in Judge Oberg's conclusions or recommendations.  They are well supported by the record and cited legal authorities.  But before adopting the Report, the court must evaluate

---

[49] Fed. R. Civ. P. 72(a).

[50] *See id.* R. 72(b) Advisory Committee's note to 1983 amendment.

[51] *Notice for Extension of Time* at 1.

[52] *See generally id.*

[53] *Id.* at 2; *see generally id.*

[54] *Id.* at 4.

[55] *See One Parcel of Real Prop.*, 73 F.3d at 1060 (requiring objections to be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute").

whether the Notice provides a basis for allowing Plaintiffs to serve the Council after the deadline, thereby preventing dismissal of this claim.

## II.        The Motion for Extension of Time is Denied

In the Notice, Plaintiffs request additional time to serve the Council, which under the liberal standard afforded pro se plaintiffs the court construes as a Motion for Extension of Time. An extension of time is warranted if (1) Plaintiffs can show good cause and excusable neglect under Rule 6, or (2) Plaintiffs qualify for a permissive extension of time under Rule 4. The court finds neither Rule warrants relief here.

First, an extension under Rule 6 cannot be granted because Plaintiffs have not shown good cause. In the Notice, Plaintiffs raise two arguments attempting to establish good cause: 1) a waiver of service was provided to the Council but was ignored, and 2) COVID-19 restrictions in 2021 made it so service could only be effected via mail.[56] Both arguments fail to "show the deadline could not be met despite diligent efforts."[57] While it is debatable whether the Council received the waiver of service and ignored it, this has no bearing on Plaintiffs' ability to serve the Council. As Judge Oberg noted in her Order Denying Motion for Default on Ute Tribal Council, the Rules allow service of process on a tribal government through certified mail signed by an authorized agent.[58] Plaintiffs' alleged inability to effect service through waiver does not undermine the other options available to them. Plaintiffs do not contend, nor does the docket show, that any other efforts were made to effectuate service through mail after October 2021, notwithstanding the Order to Show Cause filed in June 2022.[59] And any alleged COVID-19

---

[56] *Notice for Extension of Time* at 4.

[57] *Utah Republican Party*, 678 F. App'x at 701.

[58] Dkt. 32 (citing Fed. R. Civ. P. 4(h)(1)).

[59] *See generally Notice for Extension of Time*; court docket.

restrictions in 2021 do not explain Plaintiffs' failure to effect service throughout 2022. Additionally, Plaintiffs acknowledge service could still be effected through mail even with COVID-19 restrictions.[60]   As noted, one avenue of proper service is through certified mail.[61] There is no good cause for failing to properly serve the Council.

Second, the circumstances here do not provide a basis for permissive extension.  The factors weighing in favor of granting an extension are Plaintiffs' pro se status and the lack of prejudice to the Council.  Because this is a claim based on long-established treaties, there is no danger that evidence would be lost in any delay.  But other factors weigh more heavily in favor of denying an extension.  Serving the Council is not particularly complex, and Plaintiffs do not contend it is.  Moreover, the court afforded Plaintiffs nearly a year and a half to serve the Council, sufficient time even assuming the service requirements were complex.  Finally, Plaintiffs' claims will not expire, and by dismissing the action without prejudice, they have the option to refile.

In sum, inasmuch as Plaintiffs intended the Notice to be a Motion for Extension, it is DENIED.  Plaintiffs do not qualify for an extension to serve the Council under either Rule 6 or Rule 4.

### III.    The Report and Recommendation is Adopted

Because the Notice does not provide relief through an extension of time, and finding no clear error in the Report, the court ADOPTS it in its entirety and DISMISSES WITHOUT PREJUDICE Plaintiffs' claims against the Council. [62]

---

[60] *Notice for Extension of Time* at 4.

[61] *See* Fed. R. Civ. P. 4(e)(2)(C), (h)(1)(B).

[62] Dkt. 11.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Notice for Extension of Time[63] is OVERRULED insofar as it can be construed as an objection to Judge Oberg's Report, it is DENIED insofar as it is construed as a motion for extension of time, and the Report and Recommendation[64] is ADOPTED in its entirety.  All claims asserted against the Council in the Complaint[65] are DISMISSED WITHOUT PREJUDICE.

In dismissing the claims against the Council, no claims remain in this case and the Clerk of the Court is directed to close the case.[66]

SO ORDERED this 17th day of January, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[63] Dkt. 57.

[64] Dkt.  56.

[65] Dkt. 1.

[66] Dkts. 50, 53.